**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JASON T. DUKE**                                                                                           **PLAINTIFF**

**VERSUS**                                                        **CIVIL ACTION NO. 1:06CV207-P-D**

**LOWE'S HOMES CENTERS, INC.**                                        **DEFENDANT**

**ORDER**

This cause is before the Court on the defendant's Motion for Summary Judgment, Or In the Alternative, Motion for Partial Summary Judgment [29]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant moved for summary judgment as to the entirety of the plaintiff's claim on grounds that he failed to establish proper damages for medical expenses and pain and suffering. After review of the record, the Court is of the considered opinion that defendant is not entitled to dismissal of this action. Defendant's motion also requested an entry of partial summary judgment on grounds that certain claimed medical expenses and bills are unrelated to the subject accident. Lowe's motion for partial summary judgment is well-taken and should be granted as to the specific damages in question.

In particular, defendant points to the medical bills for treatment provided by Pioneer Community Hospital, Golden Triangle Neurology Clinic, Columbus Orthopaedic Clinic, P.A., Pioneer Physical Therapy and Health South. The medical records from those facilities indicate that plaintiff received treatment for chest pains and carpal tunnel syndrome, but plaintiff failed to offer any expert testimony tending to establish that the medical treatment received was causally related

to the July 1, 2003 incident at Home Depot.

To the extent that plaintiff seeks recovery for medical treatment incident to chest pain or carpal tunnel syndrome, plaintiff must provide expert testimony to establish that those maladies were caused by the July 1, 2003 injury at Home Depot. Cole v. Superior Coach Corp., 106 So.2d 71, 72 (Miss. 1958). See also Campbell v. McMillin, 83 F. Supp.2d 761, 766 (S.D. Miss. 2000). Only those matters which lie within the common knowledge of laymen do not require expert medical testimony. Cole v. Wigins, M.D., 487 So.2d 203, 207 (Miss. 1986).

Plaintiff failed to comply with the procedural requisites necessary to the admission of such testimony. Federal Rule of Civil Procedure 26(a)(2)(B) requires the submission of written reports signed by the expert and setting forth 1) the opinions of the expert; 2) the basis for the opinions; and 3) the data considered in forming the opinions. In addition, F.R.C.P. 26(a)(2)(B) requires that plaintiff also provide information regarding the qualifications of physicians, compensation paid for testimony, a listing of all publications authored by the physician for the previous ten (10) years and a listing of all other cases in which the physicians have testified for the preceding four (4) years. Plaintiff provided none of the information required by the Rules.

Plaintiff did identify Dr. Reynolds McCain and Dr. Charles S. Rhea as treating physicians who may offer testimony in this matter. Those individuals may testify as treating physicians; but without the requisite expert designation and compliance with the requirements of F.R.C.P. 26(a)(2)(B), their testimony is necessarily limited to those facts and opinions contained in plaintiff's medical records. Review of the records in question reveal only that plaintiff informed both physicians July 2003 injury; nothing in the medical records is suggestive of an opinion connecting either the diagnosis of carpal tunnel syndrome or the onset of chest pain with the July 1, 2003 impact

injury at issue in this case. Accordingly, plaintiff failed to provide the required expert testimony to support a finding of causation and defendant is entitled to partial summary judgment insofar as concerns his medical treatment for carpal tunnel syndrome and chest pain.

Plaintiff is not entitled to recover for physical therapy treatments administered by Pioneer Physical Therapy or Health South for the reason articulated above. Despite the fact that plaintiff submitted numerous bills and expenses for physical therapy, he failed to provide any documentary evidence or testimony tending to provide that the physical therapy was related to the hand injury he sustained at Home Depot. Without the requisite expert testimony from a medical provider, plaintiff is incapable of proving that his physical therapy treatments related to the subject accident. It necessarily follows that plaintiff is not entitled to recover for this alleged element of damages.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion for Summary Judgment is not well-taken and should be and hereby is, DENIED. IT IS FURTHER ORDERED that the defendant's Alternative Motion for Partial Summary Judgment is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that the plaintiff may not recover for medical treatment provided by Pioneer Community Hospital, Golden Triangle Neurology Clinic, Columbus Orthopaedic Clinic, P.A., Pioneer Physical Therapy and Health South for the reasons supra.

SO ORDERED, this the 19th day of October, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE